UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KENNETH D. SPEARS, ) | |
| ) | |
| Plaintiff, ) | 1 09 0037 |
| ) | |
| v. ) | No. 1:09mc0015 |
| ) | Judge Trauger |
| CAROLYN JORDAN, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the South Central Correctional Facility (SCCF) in Clifton, Tennessee. The plaintiff brings this action under 42 U.S.C. § 1983 against Carolyn Jordan and SCCF. Carolyn Jordan is alleged to be employed at SCCF.

Owing to its brevity, the statement of facts provided by the plaintiff is quoted below in its entirety:

> Wrongfully accused of a charge and Chief Potts violated TDOC policy by opening my outgoing mail. To[o] harsh of punishment for first time write-up.[1]

(Docket Entry No. 1, ¶ IV, p. 5)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See*

---

[1] Improper and unnecessary capitalization omitted for ease of reading.

*Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

Although the plaintiff names Carolyn Jordan and SCCF as defendants to this action, he does not mention either defendant in the statement of the facts. In failing to allege and show what the defendants did, or did not do, that violated his rights under the Constitution and/or laws of the United States, the plaintiff has not satisfied the first half of the two-part test under *Parratt, supra*, as to either of the defendants.

In addition to the foregoing, "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). However, just as Sheriffs' offices and police departments are not bodies politic and, as such, are not "persons" within the meaning of § 1983, *see Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), prisons also are not "persons" within the meaning of § 1983. *See Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (D.C.Pa.1976); *Marsden v. Fed. BOP*, 856 F.Supp. 832, 836 (S.D.N.Y.1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *McCoy v. Chesapeake Corr'l Ctr.*,

788 F.Supp. 890, 893-894 (E.D.Va.1992). Because SCCF is not a "person" within the meaning of § 1983, the plaintiff also fails to satisfy the second part of the two-part test under *Parratt* as to SCCF.

The plaintiff has failed to make a *prima facie* showing under § 1983 against the two named defendants. Accordingly, the plaintiff's claims against Carolyn Jordan and SCCF will be dismissed for failure to state a claim on which relief may be granted.

Although the plaintiff does not name Chief Potts as a defendant, the plaintiff does allege that Chief Potts opened his outgoing mail. Two possibilities exist with respect to the plaintiff's allegation against Chief Potts: the allegation is intended as a factual predicate in support of the plaintiff's claim against SCCF, or the plaintiff mistakenly omitted Chief Potts as a defendant.

As to the first possibility, any claim against SCCF based on Chief Potts' alleged action fails because, as already noted, SCCF is not a "person" amenable to suit under § 1983. More particularly, the plaintiff may not recover against SCCF under § 1983, regardless of what Chief Potts' may, or may not, have done.

As to the second possibility, the plaintiff provides no facts in support of his allegation that Chief Potts "violated TDOC policy by opening [his] outgoing mail." Absent any supporting facts, the plaintiff's claim against Chief Potts constitutes a naked allegation.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* A complaint must contain either direct or inferential allegations respecting all the

3

material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Conclusory claims are subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

The plaintiff's allegation against Chief Potts is conclusory, for the reasons explained above. Therefore, to the extent that the plaintiff intended to name Chief Potts as a defendant, but mistakenly failed to do so, his claim against Chief Potts will be dismissed for failure to state a claim on which relief may be granted.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge